Ralph J. SIMON, Plaintiff-Appellant,

v.

HONEYWELL, INC., Defendant-Appellee.

No. 79–3133.

United States Court of Appeals,
Fifth Circuit.

April 13, 1981.

Michael B. Roberts, Houston, Tx., for plaintiff-appellant.

Butler, Binion, Rice, Cook & Knapp, Houston, Tex., M. O. Granath, D. A. Grabham, Minneapolis, Minn., for defendant-appellee.

Before GOLDBERG, CHARLES CLARK and REAVLEY, Circuit Judges.

GOLDBERG, Circuit Judge:

Appellant Ralph Simon ("Simon"), a black male, was employed by appellee Honeywell, Inc. ("Honeywell") from July 1973 until June 1977 when he voluntarily terminated his employment. On three separate occasions during his tenure with Honeywell, Simon was considered for a promotion but was not selected. In each case, a white male was chosen to fill the position.

Simon brought suit in district court alleging racial discrimination,[1] and asking for both declaratory relief and damages.[2] After a non-jury trial, the district court ruled in favor of Honeywell, and Simon brought this appeal.

The plaintiff has the burden of establishing a prima facie case of discrimination. *Texas Department of Community Affairs v. Burdine,* —— U.S. ——, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). This burden is met if plaintiff proves by a preponderance of the evidence that he sought an available position for which he was qualified,[3] "but was rejected under circumstances which give rise to an inference of unlawful discrimination."[4] *Burdine, supra,* —— U.S. at ——, 101 S.Ct. at 1094. Once the plaintiff has established a prima facie case, the defendant must articulate "some legitimate nondiscriminatory reason for the employee's rejection." *Burdine, supra,* —— U.S. at ——, 101 S.Ct. at 1092; *McDonnell Douglas Corp., supra,* 93 S.Ct. at 1824. The defendant satisfies this burden by "explain-

1. The suit was brought pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 2000e *et seq.* (Title VII of the 1964 Civil Rights Act).

2. Plaintiff's complaint also alleged a variety of other discriminatory practices, including harassment and the failure to pay plaintiff "a wage commensurate with the quantity and quality of his work." *See* Record at 3–4. The trial judge found these allegations to be unsupported by the evidence. Appellant's only objection to this decision is the bald assertion—without analysis or explanation—that the trial court's findings were clearly erroneous. We have carefully examined the record and find appellant's argument to be without merit.

3. The fact that appellant may not have formally applied for the promotions in the case at bar is not significant in light of the uncontradicted evidence that no formal application was necessary and that appellant was, in fact, considered for the promotions. *See, e. g.,* Trial Transcript at 12, 59, 64·65, 119–25, 139, 147.

4. For example, under one appropriate model of a prima facie case, the plaintiff must show (1) that he belongs to a racial minority, (2) that he was qualified for an available position for which he applied, (3) that he was not selected, and (4) that the position remained open after

his rejection and that the employer continued to seek applicants from persons of plaintiff's qualifications. *McDonnell Douglas Corp., supra,* 93 S.Ct. at 1824; *see Burdine, supra,* —— U.S. at ··· & n.6, 101 S.Ct. at 1094 & n.6. "[T]his standard is not inflexible, as '[t]he facts necessarily will vary in Title VII cases, and the specification above of the prima facie proof required from respondent is not necessarily applicable in every respect in differing factual situations.'" *Burdine, supra,* ·· U.S. at ——n.6, 101 S.Ct. 1094 n.6, *quoting McDonnell Douglas Corp., supra,* 93 S.Ct. at 1824 n.13. For example, the fourth McDonnell Douglas criterion—that the position remained open and that the employer continued to seek applicants after the plaintiff's rejection—certainly should not be required when the plaintiff's rejection is simultaneous with the hiring or promotion of the person chosen to fill the position. *Cf. Burdine, supra,* – U.S. at ··· n.6, 101 S.Ct. at 1094 n.6 (prima facie case of sex discrimination established by plaintiff who shows "that she was a qualified woman who sought an available position," and that "the position was left open for several months before she finally was rejected in favor of a male who had been under her supervision.")

ing clearly the nondiscriminatory reasons for its actions."[5] *Burdine, supra,* —— U.S. at ——, 101 S.Ct. at 1096. If this is accomplished, the plaintiff must then be given an opportunity to prove that the legitimate reasons offered by the employer were merely a pretext for discrimination. *Burdine, supra,* —— U.S. at —— – ——, 101 S.Ct. at 1092–94; *McDonnell Douglas Corp., supra,* 93 S.Ct. at 1824–25.

In the case at bar, the district court neither expressly applied the above legal standards, nor made findings of fact which would enable us to review the judgment below in light of these standards. The conclusory statement that "there is no evidence of racially-premised disparate treatment," Record at 51, is insufficient in that it gives no clue as to the bases of the trial judge's decision and fails to indicate whether the proper legal standards were, in fact, applied. Moreover, a careful reading of the record in the case at bar reveals that the evidence can be interpreted in a variety of ways, and such interpretation is solely within the province of the trial court. For example, the record is inconclusive as to whether plaintiff was qualified for the three positions in question, or whether the defendant clearly explained legitimate reasons for its actions. Without further findings of fact we are thus unable to review the trial court's decision in light of the applicable legal standards. In addition, after the district court rendered its decision in the case at bar, the United States Supreme Court delineated the ebbs and flows of the burdens of production and persuasion in discrimination cases. *See Burdine, supra.* Because of inadequate findings of fact in the case at bar, and in light of the Supreme Court's recent opinion in *Burdine, supra,* we vacate the judgment of the trial court and remand for further proceedings consistent with this opinion.

VACATED AND REMANDED.

5. The defendant need not prove by a preponderance of the evidence "that it was actually motivated by the proffered reasons." The clear articulation of legitimate reasons for plaintiff's rejection must simply raise "a genuine issue of fact as to whether [defendant] discriminated against the plaintiff." *Burdine, supra,* —— U.S. at ——, 101 S.Ct. at 1094. "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Id.*